UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SCOTT FORREST,

        Defendant.
                                           /

Case No. 11-14461

District Judge David M. Lawson

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

      This is a student loan case, based on a claim arising out of Defendant Scott Forrest's alleged default on an educational loan guaranteed under Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1071, *et seq.* Before the Court is Plaintiff's Motion for Summary Judgment [Doc. #6], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that judgment enter in favor of the Plaintiff.

**I.   FACTS**

      The Plaintiff's complaint, to which is attached a Certificate of Indebtedness, alleges a total debt of $10,846.65, including principle, "current capitalized interest balance and accrued interest," and administrative fee, costs and penalties. The complaint alleges that "[d]emand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same."

      In his answer to the complaint [Doc. #4], Defendant asserts that he does not "know if any monies were ever paid out," although he does not deny signing the promissory note

or attending the school indicated on the Certificate. He states that he had no address or telephone number for the lending bank. While he states in general terms that "I do not believe I owe any money to anyone at all," Defendant indicates that he called Plaintiff's attorney to offer to make payments on the lesser amount of $3,698.00. That offer was refused.

Attached to Plaintiff's motion as Exhibits A, B and C, respectively, are the promissory note (signed by Defendant), the Certificate of Indebtedness, and the affidavit of Laura Bevan, a Loan Analyst with the U.S. Department of Education, verifying the accuracy of the Certificate.

In his response to the motion for summary judgment [Doc. #9], Defendant argues that the lender failed to comply with the federal Truth in Lending Act by failing to disclose the cost, terms and conditions of the loan. He also states that he never received the bank address, payment amount, due date or disbursement date.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff."  *Anderson*, 477 U.S. at 252 (emphasis added).  If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper.  *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

This lawsuit seeks recovery on a promissory note. In *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009), the Sixth Circuit discussed how the government establishes a *prima facie* case, and how a defendant is required to rebut the same:

> "To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default ( *United States v. MacDonald,* No. 93–1924, 1994 WL 194248, at *2 (6th Cir. May 16, 1994) (per curiam); *United States v. Lawrence,* 276 F.3d 193, 197 (5th Cir.2001)). For that purpose the government may introduce evidence of the note and a

>sworn transcript of the account or certificate of indebtedness ( *United States v. Davis,* 28 Fed.Appx. 502, 503 (6th Cir.2002)). Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation ( *id.*)."

*See also Guillermety v. Secretary of Education*, 341 F.Supp.2d 682, 688 (E.D. Mich. 2003).

In this case, the Plaintiff the promissory note, signed by the Defendant, and the Certificate of Indebtedness verified by Ms. Bevans' affidavit.[1] These documents show that the Defendant signed the note, that the Plaintiff is the holder of the note, and that the note is in default. Plaintiff has therefore established a *prima facie* case.

Defendant has not presented any evidence to rebut the Plaintiff's *prima facie* case. In fact, although he claims that he did not have information as to where to send payments, the Plaintiff has submitted with its Reply Brief [Doc. #11] documentation showing numerous collection letters in 1993 and 1994, as well as numerous telephone contacts in 1996. The notes indicate that in February and March, 1996, Defendant agreed to send in payments of $50.00. But more to the point, Defendant has offered nothing to show that he does not owe the debt or that the debt has been paid. As the court held in *United States v. Johnson*, 2005 WL 1355097, *3 (E.D.Mich. 2005), " [i]t is not sufficient for the defendant to merely allege nonliability; rather, the defendant must produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt."

In his response to the summary judgment motion, Defendant also claims that the lender failed to comply with the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* However, Congress has expressly exempted student loans from the purview of the Truth

---

[1] The Certificate itself is certified as true and correct, under penalty of perjury pursuant to 28 U.S.C. § 1746, by Loan Analyst P. Ungaro of the U.S. Department of Education. This certification may be submitted in lieu of an affidavit. *See United States v. Davis, supra.*

in Lending Act. *See* 15 U.S.C. § 1603(6). *Jackson v. Culinary School of Washington*, 788 F.Supp. 1233, 1249 (D.D.C. 1992); *see also* 12 C.F.R. 226.3, which also exempts student loan program loans from the protections of TILA.

Because Defendant has failed to rebut Plaintiff's *prima facie* case, Plaintiff is entitled to summary judgment. *Guillermety*, *supra*.

### IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Summary Judgment [Doc. #6] be GRANTED, and that judgment for Plaintiff be entered in the amount of $10,846.65, with interest as provided by law.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Date:  July 12, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 12, 2012.

| | |
|---|---|
| Scott L Forrest<br>4332 Bristolwood Dr<br>Flint, MI 48507-3749 | s/Johnetta M. Curry-Williams<br>Case Manager |

`